JOSEPH G. SWEENEY (SBN 268475)
Law Offices of Joseph G. Sweeney, PC
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: (510) 545-9307
Fax: (510) 573-2860
Email: joe@sweeney-calaw.com

Attorneys for Plaintiffs:
George Aguaristi

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE AGUARISTI**<br><br>　　　Plaintiff,<br><br>v.<br><br>**COUNTY OF MERCED; MERCED COUNTY DISTRICT ATTORNEY OFFICE; ANDREA VALTIERRA-GONGORA; CURTIS GORMAN; and DOES 1-20**<br><br>　　　Defendants. | Case No. 1:18-cv-01053-DAD-EPG<br><br>**PLAINTIFF OPPOSITION TO ALL DEFENDANTS 12(B)MOTION TO DISMISS**<br><br>(MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF OPPOSITION, DECLARTION OF JOSEPH G. SWEENEY & EXHIBITS)<br><br>Date: November 20, 2018<br>Time: 9:30am<br>Courtroom: Courtroom 5, Seventh Floor |

## MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff George Aguarist ("Plaintiff") hereby responds to Defendants County of Merced California; Merced County District Attorney Office;  Andrea Valtierra-Gongora, and Curtis Gorman (collectively "Defendants") 12(b) motion to dismiss.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................3

POINTS AND AUTHORITIES.........................................................................................5

I. INTRODUCTION........................................................................................................5

II. ARGUMENT...............................................................................................................6

    **A. PLAINTIFF STATES A VAILD CLAIM FOR RELIEF REGARDING THE FIRST CAUSE OF ACTION AND THE OFFICERS HAVE NO QUALIFIED IMMUNITY**......................6

        1. All Elements and facts are sufficiently plead to state a valid claim against Defendant Officers in regards to their violation of Defendant's Fourth Amendment Rights....................6

            *a. there is no justification stated in the FAC as the FAC is devoid of a warrant, and a warrant is not by itself a valid justification*....................8

        2. Defendants Defenses and the "unreasonableness" of Defendants conduct is improper on a motion to dismiss, raises issues of fact, not law....................9

            *a. The reasonableness of the officers actions within the circumstances plead, aggressiveness of the dog, timing, the severeness of the intrusion are all issues based upon affirmative defenses or causation, and require the balancing of facts*..........9

        3. Defendants claim for qualified immunity fails........................................................12

            *a. When the violation of Plaintiffs Fourth Amendment Rights involves the killing of his dog while on his property, there is no qualified immunity*................12

            *b. Defendants argument for qualified immunity is based on issues of fact*......................13

    **B. PLAINTIFF HAS PLEAD A VALID MONELL CLAIM AGAINST THE COUNTY**....................14

        1. The Policymaker's decision not to have a policy and/or training ("inaction") is considered a "Policy" in itself, and a single incident may rise to liability................14

    **C. DEFENDNANT MERCED DISTRICT ATTORNEY OFFICE IS A PROPER DEFENDANT FOR ALL CAUSES OF ACTION NAMED IN THE FAC**....................16

    **D. DEFENDANTS FAIL TO PROVE AS A MATTER OF LAW THAT THEY ARE IMMUNE FROM LIABILITY  (STATE CAUSES OF ACTION)**....................17

        1. What constitutes a Discretionary Act for immunity is extremely narrow................17

        2. Defendants fail to prove that said acts were "in the nature of a basic policy decision made at the planning stage of the public entities operations."....................18

        3. Penal Code Section 835(a) does not overcome the inapplicability of Immunity. ......................20

    **E. PLAINTIFF HAS STATED VALID STATE CAUSES OF ACTION**..............................21

        1. Government Code Section 820.2 is the only necessary statute for public employees to be liable, and no other statute regarding liability is necessary....................21

        2. Defendants have stated a Valid Cause of Action for Trespass and Trespass to Chattels.............21

            *a. No Warrant plead in FAC and Trespass is not dependent non-existents of a warrant*....21

        3. Plaintiff has stated a Valid Cause of Action for Gross Negligence / Gross Negligence Per Se.....22

        4. Plaintiff has stated a Valid Cause of Action for Intentional Infliction of Emotional Distress.......24

        5. Plaintiff has stated a Valid Cause of Action for Negligence....................................24

    **F. PLAINTIFF HAS STATED VALID DAMAGES**............................................................25

III. CONCLUSION............................................................................................................25

AGUARISTI v. COUNTY OF MERCED et al.
Case Number: 1:18-cv-01053-DAD-EPG

PLAINTIFF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS          - 2 -

# TABLE OF AUTHORITIES

## CASES

Adams v. Paul (1995) 11 C4th 583, 593.................................................................... 9

Barner v. Leeds, (2000) 24 Cal.4th 676, 685,688........................................ 18, 21, 24

Bell v. State of California (1998) 63 Cal.App.4th 919, 929).................................... 19

Berkley v. Dowds, supra, 152 CA4th at 528, 61 CR3d at 312.................................... 9

Brown v. Muhlenberg Twp., 269 F.3d 205, 211-12 (3d Cir.2001) ...........................12

Cal. Daily Op. Serv. 402 F.3d 962 (2005)................................................................. 6

Chew v. Gates, 27 F.3d 1432, 1440 n. 5 (9th Cir.1994).............................................12

City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 389 (1989) ................................15

Colich & Sons v. Pacific Bell (1988) 198 Cal.App.3d 1225, 1240 ...........................23

Crowley v. Katleman (1994) 8 C4th 666, 690–691, 34 CR2d 386, 399 .....................9

Czajkowski v. Haskell & White, LLP (2012) 208 CA4th 166, 174–175....................... 9

Davis v. City of N Richiand Hills, 406 F.3d 375, 383 n.34 (5th Cir. 2004)................. 15

Deorle v. Rutherford, 272 F.3d 1272, 1279 (9th Cir.2001).........................................7

Drug v. Colwill Constr., 243 A.2d 548, 553-54 (Md. 1968) .......................................5

Florida v. Royer, 460 U.S. 491, 504, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ........................... 7

Fuller v. Vines, 36 F.3d 65, 68 (9th Cir. 1994) .................................................... 6, 12

Franz v. Board of Medical Quality Assurance (1982) 31 Cal.3d 124, 138.................................23

Garcia v. City of Merced, 637 F.Supp.2d 731, 746, 747,  (E.D. California 2008)......... 5,14,16,17

Gillan v. City of San Marino (2007) 147 Cal.App.4th 1033, 1047, 1051 ...................19

Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997)........................... 5

Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)................... 7,9

Green v. City of Livermore (1981) 117 Cal.App.3d 82, 87–89.................................. 19

Gutierrez v. City of San Antonio, 139 F.3d 441, 450 (5th Cir.1998) .................................. 12,13

Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss., 543 F.3d 221, 227 (5th Cir. 2008).......... 14

Hinman v. Westinghouse Elec. Co. (1970) 2 C3d 956, 960...................................... 21

Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988)....................... 14

Leatherman v. Tarrant County Narcotics 507 U.S. 163, 166,
113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). ..................................................................13

Lesher v. Reed, 12 F.3d 148, 150-51 (8th Cir.1994) ................................................ 12

Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir. 1997)................................................ 12

McCorkle v. City of Los Angeles (1969) 70 Cal.2d 252, 255, 259–262 .....................................18

Mendoza v. Rast Produce Co., Inc. (2006) 140 CA4th 1395, 1402. ...........................................9

Miller v. National American Life Ins. Co. (1976) 54 Cal.App.3d 331, 336.............................   25

Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).. 13, 14, 15

Perez v. City of Placerville, 2008 WL 4279386,  (E.D. Cal. 2008). .................8,11, 19, 22, 24,25

Phillips v. County of Allegheny, 515 F.3d 224, 232 (2008). ........................................................5

Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.2001)...............................................14

Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir.2002)................................................ 6

Rymer v. Davis 754 F.2d 198-201 (6th Cir. 1985). .....................................................................16

Sanborn v. Chronicle Pub. Co. (1976) 18 Cal.3d 406, 415. ................................................. 17, 18

San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,
402 F.3d 962, 975,978 (9th Cir. 2005).........................................................................6,8,10, 12,13

Schaefer v. Whitted et al, No. 1:2015cv00163 - Document 30 (W.D. Tex. 2015). ....................16

Scruggs v. Haynes (1967) 252 Cal.App.2d 256, 264–268). ...............................................19, 21

Tarasoff, supra, 17 Cal.3d 425, 131, 446. ..................................................................................18

Thomas v. City of Galveston, 800 F. Supp. 2d 826, 842-45 (S.D. Tex. 2011)............................ 14

Thurston v. City of North Las Vegas Police Department D.C.
No. 2:10-cv-00516-LRH-RJJ 9th Cir. (Jan. 9, 2014)...................................................................10

TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)............................................................... 5

United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370,376 (5th Cir.2004)........ 9

Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)................................................5

Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002). ...................................................5

**STATUTES/CODES**

Government Code Section 815.2(a)-(b)........................................................................................ 17

Government Code Section 820.2 ................................................................................................. 17

## I. INTRODUCTION

There is no complexity in the facts of this case. This case is simplistic in nature. Plaintiff was the victim of an unlawful search and seizure whereby on May 30, 2018, Defendants, who were law enforcement personnel, trespassed upon his property and killed his dog, Samson.

As a preliminary matter, Defendant's motion is based on and raises many issues of fact, rather than bringing forth binding and applicable law that would bar a cause of action or Defendant from being litigated. Even in the most strictest standards, what is relevant on this motion is whether the complaint states a plausible (conceivable) claim for relief. Unless Defendants bring forth applicable authority that shows the stated facts cannot support a claim, without inserting facts of their own, Defendants unrelenting arguments as to what defenses could apply, may apply, or  what facts would make Plaintiff's claim fail have no merit whatsoever. They must show that Plaintiff's claims as stated are absolutely not conceivable, not that they *could* fail or are not *believable*. Simply stated, on their motion, Defendants are caught up arguing issues of fact, causation and arguing their theory of their case rather than providing persuasive authority that Plaintiffs First Amended Complaint ("FAC") fails as a matter of law.

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are disfavored and rarely granted. *Gilligan v. Jamco Development Corp*., 108 F.3d 246, 249 (9th Cir. 1997). In deciding whether to grant a motion to dismiss, the Court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). See also *Garcia v. City of Merced*, 637 F.Supp.2d 731, 746 (E.D. California 2008). *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). See also 637 F.Supp.2d 731, 746. A complaint must "have sufficient specificity in its allegations to provide facts … to apprise the opposite party of what is meant to be proved" and that "the necessary allegations of fact … in a simple factual situation vary from those in more complex factual situations". *Drug v. Colwill Constr*., 243 A.2d 548, 553-54 (Md. 1968).

The Third Circuit has observed that "[c]ontext matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case….'" *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (2008).

//

## II. ARGUMENT

**A. PLAINTIFF STATES A VAILD CLAIM FOR RELIEF REGARDING THE FIRST CAUSE OF ACTION AGAINST DEFENDANT OFFICERS FOR VIOLATION OF PLAINTIFFS 4TH AMENDMENT RIGHTS AND THE OFFICERS HAVE NO QUALIFIED IMMUNITY.**

1. **All Elements and facts are sufficiently plead to state a valid claim against Defendant Officers in regards to their violation of Defendant's Fourth Amendment Rights:**

    The premise of Plaintiff's claims is that Defendant officers shot and killed his dog on his property in violation of his fourth amendment rights.  In Plaintiffs case, the FAC alleges facts regarding two different scenarios of liability against Defendants, either one of them making Defendants liable: (1) that the Officers had no valid right or valid warrant to enter his property; and (2) that even if there was a valid right to enter Plaintiff's property, the shooting and killing of his dog was unreasonable.

    This is not the first case to analyze whether the shooting of a dog by law enforcement while on a person's property is a violation of that persons fourth amendment right. In 2005 the 9th Circuit Court of Appeals in *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005), (hereinafter "*Hells Angels Motorcycle Club")* ruled in favor of plaintiffs on Summary Judgment who brought a 1983 Action against the Officers and municipality who shot and killed the plaintiffs dogs while serving a search warrant. The Court in *Hells Angels Motorcycle Club* addressed the second independent theory of liability as the officers in that case had a warrant and the validity of the warrant was not contested.

    The court in *Hells Angels Motorcycle Club* at 975 citing the below authority made the following findings of law:

    - "[T]he destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure ... in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994); *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir.2002); *Cal. Daily Op. Serv.* 402 F.3d 962 (2005);

    - "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983 . Id 91; *Hells Angels Motorcycle Club* at 975;

    - *Reasonableness* is the touchstone of any seizure under the Fourth Amendment. Thus, to comply with the Fourth Amendment, the seizure-in this case, shooting and death-of the Vieiras' and Souza's dogs must have been *reasonable* under the circumstances. **We look to the totality of the circumstances to determine whether the destruction of property was**

> **reasonably necessary to effectuate the performance of the law enforcement officer's duties**. See *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir.2001).

- A seizure becomes unlawful when it is 'more intrusive than necessary. . **To determine whether the shooting of the dogs was reasonable, we balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake**." *Florida v. Royer*, 460 U.S. 491, 504, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Here, Plaintiff is afforded the protection of the Fourth Amendment Rights to be from unreasonable search and seizure, and the FAC alleges all facts necessary to state a claim as the following facts via FAC ¶47 are incorporated into each cause of action in the FAC:

- Plaintiff is the owner of the real property located at 20521 Reynolds Ave Dos Palos, California. FAC¶18;

- On May 30, 2018 law enforcement personnel Andrea Valtierra-Gongora, and Curtis Gorman, while Plaintiff was asleep in his house entered his Property through the front gate without his consent, and while on his property engaged his dog by macing it and then shooting it, killing the dog. FAC¶23, 25;

- Defendants seized the dogs body by removing it from the premises. FAC¶29;

- Plaintiff alleges that such acts were unjustified and unreasonable, as Plaintiff was not issued a warrant and no warrant was left at his property FAC¶31; and regardless of any warrant, or right to be on his property, the acts of the officers in killing his dog were unjustified and unreasonable. FAC¶38-42.

Without some justification or consent plead in the FAC in regards to the above alleged conduct, the facts as they are plead illustrate an unreasonable search and seizure. And there is no authority brought by Defendants that make Plaintiff plead more in anticipation of some type of later claimed justification by Defendants. See discussion in A2 below.

There is no authority provided by Defendants requiring Plaintiff to provide more facts for this cause of action. Nevertheless, the FAC does allege facts regarding the ***unreasonableness*** of the killing of his dog by alleging:

- The driveway to Plaintiff's property is gated, topped with barbed wire. "beware of dog" signs and other such warnings appear on the outside of Plaintiffs front gate in plain view. FAC¶19,21,22

- The Officers entrance was without consent. FAC¶23;

- Prior to entering Plaintiff's Property, Defendants were present outside his closed front gate and perimeter of the Property, and were aware of dogs inhabiting the Property. FAC¶24;

- After entering Plaintiff's Property, and while Defendants were on Plaintiff's Property, Defendants engaged Plaintiffs dog. They maced the dog and then discharged their weapon at the dog, killing him ("Samson"). FAC¶25-27.;

- No efforts were made to save Samson's life. FAC¶28;

- Thereafter, Defendants seized Samson's body by removing it from the premises. Defendants then washed away the blood from Samson's body with Plaintiffs own water hose located on his Property, as if to cover up Defendant's wrongful conduct. FAC¶29;

- Plaintiff was never arrested, taken into custody or cited for anything/crime in connection to Defendants presence on Plaintiffs Property on May 30, 2018. FAC¶34.;

- No warrant was left at Plaintiff's property. FAC¶34.

From this, the FAC states that: Plaintiff is informed, believes and thereon alleges that Defendants had no valid warrant to enter Plaintiff's Property, and that the conduct of Defendants in their shooting of Samson and their conduct in the aftermath of the shooting was unjustified, illegal, wrongful, and done without any reasonable grounds.

### (a) there is no justification stated in the FAC as the FAC is devoid of a warrant, and a warrant is not by itself a valid justification.

Plaintiff did not plead that officers had a warrant. Per paragraphs 39-41 of the FAC, it was plead on information and belief that **IF** the officers had any warrant, that said warrant was invalid. The FAC also says that no warrant was left with Plaintiff. Defendants fail to bring forth any law that requires Plaintiff to convincing plead whether or not there was a warrant.

Nevertheless, warrant or no warrant, *Hells Angels Motorcycle Club* makes it clear that officers maybe held liable for the killing of owners dogs during a search of the owners property even with a warrant, if such killing was unreasonable.

As discussed below and in *Hells Angels Motorcycle Club*, an unconstitutional search and seizure does not merely rely on whether there was a valid warrant, as a violation of one's fourth amendment rights may lie where officers exceeded the scope of the warrant or, as in this case, when the seizure is 'more intrusive than necessary. See also *Perez v. City of Placerville, 2008 WL 4279386, (E.D. Cal. 2008). the validity of a warrant creates a genuine issue of material fact. Discussed more Section E(2)(a) below.*

It is clear that Defendants fail to provide any authority that would require more facts, a valid claim for the violation of Plaintiff's constitutional rights under 1983 is stated. They are certainly put on notice of what the claim is against them and their defenses "reasonableness".

**2.** **Defendants Defenses and Determination of the "unreasonableness" of Defendants**
**conduct is improper on a motion to dismiss, and it raises issues of fact, not law.**
**(This is not a motion for Summary Judgment)**

Applicable to all state and federal causes of action plead in the FAC, Defendants constantly argue for dismissal and attack all state and federal causes of action based on their opinion that plaintiffs must plead around immunity and address defendants affirmative defenses, issues of fact and causation, on a motion to dismiss. Defendant's approach has not merit.

At the pleading stage, Plaintiff is not charged with the duty of anticipating Defendants Defenses. See *Czajkowski v. Haskell & White, LLP* (2012) 208 CA4th 166, 174–175. Furthermore, plaintiffs are not required to plead specific facts for causation. General allegations of causation are sufficient. *Berkley v. Dowds*, supra, 152 CA4th at 528, 61 CR3d at 312. When a pleader is in doubt about what actually occurred or what can be established by the evidence, he or she may plead in the alternative and make inconsistent allegations. Either *factually* or *legally* inconsistent allegations are permissible. *Adams v. Paul* (1995) 11 C4th 583, 593; *Crowley v. Katleman* (1994) 8 C4th 666, 690–691, 34 CR2d 386, 399; *Mendoza v. Rast Produce Co., Inc.* (2006) 140 CA4th 1395, 1402.  The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370,376 (5th Cir.2004).

*(a)  The reasonableness of the officers actions within the circumstances plead, aggressiveness of the dog, timing, the severeness of the intrusion are all issues based upon affirmative defenses or causation, and require the balancing of facts.*

Reiterated from above, the "reasonableness" in any seizure (i.e. shooting of dog) under the totality of the circumstances is what determines whether one is liable for the violation of plaintiffs fourth amendment rights. Furthermore, to determine whether the shooting of the dogs was reasonable, the court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396, 109). See *Hells Angels Motorcycle Club* 402 F.3d 962, 975.

Both Plaintiff's case and *Hells Angels Motorcycle Club* case are extremely relevant for their issues and law as both comprise of the situation in which the owner of a dog suing officers that shot the dog on their property and in doing so violated their fourth amendment rights. The issues and law in the *Hells Angels Motorcycle Club* are no doubt controlling on this topic.

However, specific facts regarding causation and the finding of "unreasonableness" are not. *Hells Angels Motorcycle Club* case was decided on Summary Judgment whereby the parties

have had an opportunity for discovery, and provide extrinsic evidence prior to arguing their points. Even then on Summary Judgment the court may only decide whether their is an issue of material fact to move the case forward.

On Summary Judgment, the court in *San Jose Charter of Hells Angels Motorcycle Club* found that the evidence showed that there was a genuine issue of material fact regarding the reasonableness of killing the dogs because (in summary):

> The officers knew about the dogs beforehand (a week) and failed to develop a non-lethal plan in dealing with them. The court held that while the governmental interest of safety might have provided a sound justification for the intrusion had the officers been surprised by the presence of the dogs, the same reasoning is less convincing given the undisputed fact that the officers knew about the dogs a week before they served the search warrants. The officers had substantial time to develop strategies for immobilizing the dogs. See *Hells Angels Motorcycle Club* 402 F.3d 962, 975 -978

In their motion, Defendants attack the issue of "reasonableness" of the shooting of the dog by arguing facts that are not presented in the FAC. Defendants, without providing any applicable law, argue that the Complaint fails to allege facts to support their defenses, and state:

- The Complaint fails to state that the officers had a week or more to plan around the dogs thus they did not know about them well in advance;

- The Complaint fails to state whether the dog was aggressive or jumping on officer.

These are all issues of fact. Defendants are arguing causation inappropriately on a Motion to Dismiss and fail to acknowledge that the *Hells Angels Motorcycle Club* decision, is one that requires a weighing of the totality of the circumstances, meaning it is applied on a case by case basis. The amount of time necessary to plan for dog encounters may differ in regards to each case. No set time has been imputed by law to show what constitutes "well in advance".

In fact, a Ninth Circuit court case decided that the  amount of time regarding knowledge of the dogs at the property can be minimal in holding officers accountable. In the Ninth Circuit Court of Appeals Case, *Thurston v. City of North Las Vegas Police Department* D.C. No. 2:10-cv-00516-LRH-RJJ 9th Cir. (Jan. 9, 2014), a case that is not published but may be cited and for which the court followed the same rules of law held in the *Hells Angels Motorcycle Club c*ase, held that the conduct of the officers in shooting the dogs could be considered unreasonable as the *20 minutes* that the SWAT team had prior to firing at the dogs was enough time to provide an alternative means of dealing with the animals by summonsing animal control specialists, which spoke directly to the reasonableness of the officers conduct. A print out of the case holding is attached to the Declaration of Joseph G. Sweeney as Exhibit "A".

Further arguing causation, Defendants cite to the case *Perez v. City of Placerville, 2008 WL 4279386, (E.D. Cal. 2008)* decision on Summary Judgment for their arguments. However, the court denied plaintiffs motion to dismiss regarding the 4th Amendment action and a clear reading of this case shows that it is actually in favor of Plaintiff's case. For a discussion on the case please see Section E(2) below.

The FAC pleads facts of the officers awareness of the dogs prior to entering the property and is silent as to the amount of time Defendants had to plan for the raid or how long they knew of the presence of the dogs. No case presented by Defendant provide law that it be necessary to plead the exact length of time of knowledge of the presence of dogs to sustain a Fourth Amendment violation cause of action. Furthermore, these are facts more in the hands of defendants that need to be obtained through discovery. A plaintiff is not required to plead facts that are more known to the defendant, and any ambiguities can be clarified within discovery.

Second, Defendants fail to give any case law that would require Plaintiff to plead whether or not the dog attacked and was actually jumping. Defendants are seeking to dictate  their own Defenses into Plaintiffs complaint, as it seems they want to win their possible self defense claim by dictating facts for the Plaintiff regarding their defense of a dog being aggressive. Again, dictating facts for the Plaintiff is not Defendants right. Essentially, they want Plaintiff to state a negative. Furthermore, whether a dog actually jumped, or was aggressive, and if so, was said aggressiveness enough to justify the shooting of the dog under the circumstances is clearly an issue of fact not applicable in this stage of the case.

In *Thurston v. City of North Las Vegas Police Department*, the dogs aggressiveness was considered on an appeal from Summary Judgment because at that point, the defendant had entered evidence of the dogs aggressiveness. However, no evidence has been entered of the dogs aggressiveness by Defendant in this case, and no such extrinsic evidence would be allowed on a motion to dismiss. Moreover, in reviewing a motion to dismiss, the Judge may make all inferences in light of the non-moving party. It can therefore be inferred that the officer who maced the dog, as alleged in the FAC, was the aggressor and instigated any aggressiveness the dog may have shown subsequent. It can be inferred that one acted unreasonable in macing a dog for not anticipating that a dog or guard dog would then get aggressive, if such events occurred.

The FAC is devoid of any discussion of aggressiveness by the subject dog and therefore, cannot be taken as part of the Complaint. Defendants would have to show by law, that the non-existence of a fact would bar Defendant's claims.

Having to plead around every affirmative defense that can be brought against Plaintiff in his complaint would violate the Federal Rules of Procedure Rule 8 pleading standards in requiring "a short and plain statement of the claim showing that the pleader is entitled to relief". The Facts provided in the FAC are clearly enough to put Defendants on notice of the claims as they are already asserting their affirmative defenses in their motion to dismiss.

**3.** **Defendants claim for qualified immunity fails, and they fail to meet their burden that such immunity exists in this case.**

*(a) When the violation of Plaintiffs Fourth Amendment Rights involves the killing of his dog while on his property, there is no qualified immunity.*

*San Jose Charter of Hells Angels Motorcycle Club* provided the legal framework regarding qualified immunity, especially as it applies to like situations involving officer related dog shootings on a private citizens property**.** Accordingly, qualified immunity to the individual officers fail when, (1) there was a violation by the officers of Plaintiff's Fourth Amendment rights, and (2) that constitutional right was clearly established.

As for the first prong, as discussed in part A(1) of this opposition, the law considers that the The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983. Therefore, the FAC clearly pleads facts of such violation. Again whether the conduct of the officers was "reasonable" to make them liable is an issue of fact, not law.

Therefore, the remaining issue is whether the constitutional right was clearly established. The court in *San Jose Charter of Hells Angels Motorcycle Club* elaborates saying "[T]he right that the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."

In *Hells Angels Motorcycle* at 977 on Summary Judgment the court concludes that the constitutional right was clearly established as prior case law put officers on notice that:

- That unnecessary destruction of property in the course of executing a warrant is unconstitutional. *Liston v. County of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997);

- that killing of a person's dog constitutes an unconstitutional destruction of property absent a sufficiently compelling public interest. See *Fuller*, 36 F.3d at 68; see also *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 211-12 (3d Cir.2001) ; *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir.1994);

- that in assessing reasonableness under the Fourth Amendment an appropriate factor is whether the officer considered alternatives before undertaking intrusive activity implicating constitutional concerns. See *Chew v. Gates*, 27 F.3d 1432, 1440 n. 5 (9th

Cir.1994) ; see also *Gutierrez v. City of San Antonio*, 139 F.3d 441, 450 (5th Cir.1998).

And the court in *Hells Angels Motorcycle Club* conclude that these cases should have alerted any reasonable officer that the Fourth Amendment forbids the killing of a person's dog, or the destruction of a person's property, when that destruction is unnecessary-i.e., when less intrusive, or less destructive, alternatives exist. See 402 F.3d 962, 975, 977, 978.

On Summary Judgment the court goes on to conclude that not only does qualified immunity not apply, but that the officers did in-fact violate plaintiffs rights.

Therefore, since Plaintiff's case involves the same type of intrusion as the *Hells Angels Motorcycle Club* case regarding the killing of one's dog while officers are on their property, there absolutely cannot be any qualified immunity for the individual officers involved. Whether the officers actions were "unreasonable" is an issue of fact, not law inappropriate in regards to a Motion to Dismiss. See discussion in section A(2) of this Opposition.

### (b) Defendants argument for qualified immunity is based on issues of fact, not law

As shown in *Hells Angels Motorcycle Club* case, qualified immunity is not based on determining the reasonableness of the officers actions, like in causation, but rather whether they should have known of the constitutional right that they violated, in order for them to be immune from liability even if the trier of fact did find that they acted unreasonably. The applicability of qualified immunity is the issue, not the unreasonable conduct of the officers.

Defendants in their motion again mistakenly rely on issues of fact, not law  in arguing their points, and merely argue their affirmative defenses. This flawed argument has already been addressed in section A(2) of Plaintiff's Opposition. Furthermore, Defendants have failed to cite to any case law that as a matter of law applies qualified immunity to Plaintiffs situation. All that Defendants do is site numerous cases that do not have anything to do with dog shootings. They have not cited any case law that defeats the court's decision in the *Hells Angels Motorcycle Club* case that is applicable here.

Lastly,  Municipal corporations are not afforded immunity from suit like individuals acting under the color of law. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). While a municipality cannot be held liable under a respondeat superior, it is not afforded qualified immunity. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

**B. PLAINTIFF HAS PLEAD A VALID MONELL CLAIM AGAINST THE COUNTY**

It has been held that "In this circuit, a claim of municipal liability under Section 1983 is sufficient to withstand a motion to dismiss `even if based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). See *Garcia* 637 F.Supp.2d 731,761. To state a claim, the complaint must contain "more than boilerplate allegations" but need not contain "specific facts that prove the existence of a policy." *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842-45 (S.D. Tex. 2011).

Municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) violation of constitutional rights (nexus) whose moving force is the policy or custom. *Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 227 (5th Cir. 2008); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001).

Plaintiff has sufficiently plead:

- <u>The policymaker</u> - as the Chief Investigator and/or the individual in charge of policy making in the District Attorney's Office. See FAC¶56 (as true names are unknown at this time);

- <u>An Official Policy</u> - choosing inadequate regulations or choosing not to have regulations and/or training in regards to protecting an individual's rights from unreasonable search and seizures including regulations for dog encounters in regards to the use of non-lethal force. See FAC¶56;

- <u>The policymaker was deliberately indifferent to adopting this policy</u> (i.e. reasonably predictable that violation would occur from policy). See FAC¶56;

- <u>A Nexus with the Policy and Plaintiff's injuries</u> - The nexus is established as the Policy (to not have specific regulations surrounding searches and seizures, including the use of force and non-lethal force against dogs) allowed and lead to the unnecessary killing of Plaintiff's dog.

The complaint does not attack the lack of training of one officer, but the lack of training and policies of all officers as to the execution of a search and seizure, use of force, and animal encounters. This position taken by Merced County, tacitly authorizes police misconduct, and the violation of one's rights to be free from unreasonable searches and seizures.

**1.** <u>**The Policymaker's decision not to have a policy and/or training ("inaction") is considered a "Policy" in itself, and a single incident may rise to liability.**</u>

*Owen v. City of Independence* demonstrates that one can recover for violations caused by an official policy even if it pertains only to one incident and causes but one constitutional violation. ***Therefore, if inadequate training is considered as official policy, then one might***

***recover for a decision resulting in the inadequate training of a single police officer***, *even though the policy of inadequate training caused but one constitutional violation*. See *Owen v. City of Independence*, 445 U.S. 622 (1980).

Cases have followed the idea that Policy is the result of policymaking that requires a consideration of policy alternatives or policy choices. One of the choices that one may have in formulating policy in a particular area is not to prescribe *any* rules or guidelines for subordinates in the area. In some circumstances, this policy choice may prove inadequate and may cause one's subordinates acting pursuant to such a choice to violate a citizen's constitutional rights. Many courts addressing the inadequate training issue have interchangeably described such lack of training as both policy and custom. Others have referred to it as policy. Pursuant to relevant case law, cities have been held liable for the misconduct of police officers where a police chief's ***decision or inaction*** resulted in a de facto policy of tacit approval.

The inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 389.

Although failure to train or supervise claims generally require the plaintiff to plead more than one instance of similar constitutional torts, suggesting municipality was on notice of a pattern of similar violations but chose not to act. ***Under the "single incident exception***," ***a plaintiff may survive a motion to dismiss*** claims for failure to train or supervise by alleging "the highly predictable consequence of not training or supervising the officer was that the officer would violate the constitution and that this failure to train or provide supervision was the moving force that had a specific causal connection to the constitutional injury." See *Davis v. City of N Richland Hills*, 406 F.3d 375, 383 n.34 (5th Cir. 2004).

In *Rymer v. Davis*, in which state and municipal law enforcement officers stopped the plaintiff as a part of a convoy on an interstate highway in Kentucky. During Rymer's arrest, a police officer violently kicked and beat Rymer to the point that he required treatment by an emergency medical technician. The officer later rejected the recommendation of the technician that Rymer be taken to a hospital. Subsequently, Rymer filed a suit under 42 section 1983 against numerous defendants, including the officer and the city. He did not seek to establish policy by

showing that this particular egregious incident must have been attributable to the municipality's inadequate training program. ***Instead, he relied on direct proof of policy by demonstrating the existence of the city's inadequate training program.*** The jury rendered verdicts against the officer and the city and, on appeal, the Sixth Circuit Court of Appeals upheld the jury's verdict. ***The court of appeals found that the facts demonstrated that the city had no rules or regulations governing its police force, that the initial training of its police was on-the-job training, and that none of the formal training that the officer received thereafter involved arrest procedures or treatment of injured persons***. These facts met the Sixth Circuit's requirement that a municipality may be held liable for the unconstitutional acts of its officers if it trained its officers in a manner that was "so reckless or grossly negligent that future police misconduct [was] almost inevitable ... or ... certain to result.  Acknowledging that a general failure to train was not sufficient to establish liability, the *Rymer* court found that the failure to train was "directly related to the ultimate abuse [that the plaintiff] received during the arrest. *Rymer v. Davis* 754 F.2d 198-201 (6th Cir. 1985). See also *Schaefer v. Whitted* et al, No. 1:2015cv00163 - Document 30 (W.D. Tex. 2015).

Pursuant to Plaintiff's case, it is already been established via discussion above herein that the lethal force against one's dog while carrying out a search and seizure is a constitutional violation. Therefore, it is highly predictable that the failure to train/adopt policies for officers regarding conducting search and seizures, and encountering dogs when carrying out such searches would result in the constitutional violation, which was a moving force behind Samson's death.

## C. DEFENDNANT MERCED DISTRICT ATTORNEY OFFICE IS A PROPER DEFENDANT FOR ALL CAUSES OF ACTION NAMED IN THE FAC.

In Defendant's motion they claim Defendant Merced District Attorney Office is merely a department of the County of Merced and therefore is not a proper party. They cite the case *Garcia v. City of Merced*, 637 F.Supp.2d 731 (E.D. California 2008), which was a case decided by this court. However, their argument has no merit for the following reasons:

- Plaintiff has not named the Merced District Attorney's Office as a Defendant in regards to the First Cause of Action regarding Violation of Civil Rights under 1983, and

- The Court in *Garcia* only made a ruling, which involved the County Sheriff's Department, dismissing the Sheriff's Department based on their status as a department of the County ***in regards to the Section 1983 claim only***.

*Garcia* involved a motion to dismiss decided by this court surrounding state claims for assault and battery, defamation, and Section 1983 claims regarding a peace officer's conduct and these claims were brought against the Officer and public entities such as Merced County and included Merced County Sherriff's Department. The Court specifically only dismissed the Sherriff's Department from the Section 1983 Action, but not the other State causes of action. In *Garcia* the court **does not** dismiss the Sherriff's Department in regards to all state claims, which includes Assault and Battery. See *Garcia* 637 F.Supp.2d 731, 747.

Therefore, Defendants fail to meet their burden as to dismissing the District Attorney's Office from the state claims in the FAC.

## D. DEFENDANTS FAIL TO PROVE AS A MATTER OF LAW THAT THEY ARE IMMUNE FROM LIABILITY (STATE CAUSES OF ACTION)

State immunity statutes do not protect against federal civil rights (42 USC § 1983) liability. And the issue of qualified immunity being inapplicable under the 42 USC § 1983 First Cause of Action is already addressed herein above.

As for the remaining causes of action in the FAC, they are all California state causes of action, and liability on both Defendant Officers and their County employers as plead in the FAC are provided by statute, whereby the conduct of the County employees are imputed through statute just like the common law theory of respondent superior. FAC¶ 54,69,80,91,102,113,125.

Pursuant to Government Code Section 815.2(a)-(b), a public entities liability for an act or omission of its employee within the course and scope of employment, which would give rise to a cause of action against that employee, depends on whether or not the employees acts themselves are immune.

Government Code Section 820.2 defines the acts that are immune. According to 820.2, *except otherwise provided by statute*, a public employee is immune from liability for an injury resulting from his act or omission where the act or omission was the result of the ***exercise of the discretion*** vested in him, whether or not such discretion be abused.

1. **What constitutes a Discretionary Act for immunity is extremely narrow, as it only encompasses an act that was made in the nature of a "basic policy decision" made at the planning stage of the public entities operations.**

According to California authority, immunity under 815.2, as discussed in 820.2, hinges on the determination as to whether the act of the employee, giving rise to liability, was discretionary. See 820.2; See also: *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 415.

Since almost everything involves some level of discretion, the term "discretionary act" has been the topic of legal debate, and there is extensive case law discussing what the courts have constituted as acts of discretion and non-discretionary acts. According to California, for an act of a public employee to be immune under 820.2, the act performed has to be one  where there is discretion, ***and the discretionary act must be "in the nature of a basic policy decision" made at the planning stage of the public entities operations***.

In *Sanborn*, the court concluded that, although a decision by the clerk of a city and county to discuss a particular matter with the press may have been within the clerk's discretion, it was not "in the nature of a 'basic policy decision' made at the 'planning' stage of City's operations" but rather fell within the category of routine duties incident to the normal operations of the office of the clerk. *Id.* at 406, 415.  In *Tarasoff, supra,* 17 Cal.3d 425, 131, it was held that psychologists employed by the government are not immune from liability under section 820.2 for the failure to warn a third person of a risk of harm posed by a patient because that employee's decision whether to disclose such a risk of danger may require the exercise of considerable judgmental skills, but that the failure to warn does not rise to the level of a basic policy decision for which the statute provides immunity. *Tarasoff, supra,* 17 Cal.3d at p. 446,

Lower lever decisions that merely implement a basic policy that has already been formulated are not immune to liability. *Barner v. Leeds*, (2000) supra, 24 CA4th at 685, 688.

Furthermore, A public employee's initial decision whether to provide professional services to an individual might involve the exercise of discretion pursuant to section 820.2, but that once the employee undertakes to render such services, he or she is not immune for the negligent performance of professional duties that do not amount to policy or planning decisions. *Barner v. Leeds*, (2000) 24 Cal.4th 676, 685; See also *McCorkle*, supra, 70 Cal.2d at pp. 255, 259–260.).

### 2. <u>As applied to the conduct of the Officers in Plaintiff's case, Defendants fail to prove that said acts were "in the nature of a basic policy decision made at the planning stage of the public entities operations."</u>

Plaintiff pleads several distinctive scenarios of liability within his complaint involving several causes of action.  The First common scenario has to do with the officers presence on his property which is described as having no authority or right (Tresspass). The second scenario has to do with the officers killing Plaintiffs dog while on his property, and the third scenario has to do with the events in which the Officers then stole his dog from the property.

Defendants rely on the case *Conway* for their argument that their actions are immune. In *Conway* it was held that the officers choice of using tear gas upon a home where they had an arrest warrant was a discretional act. However, *Conway* vastly differs from the facts in the present case and was decided on Summary Judgment, meaning the plaintiff's complaint passed muster and he had the opportunity to bring forth extrinsic evidence. Notably, *Conway* involved a situation where non-lethal means were used, and the right to be on the plaintiffs property was already established.

In Plaintiffs case no such right even to be on Plaintiff's property has been established and the destruction of Plaintiff's property (the killing of his dog) was a lethal event.

The vast amount of case law on this subject and the case law presented in *Conway* show the opposite of Defendant's argument. *Conway* reiterates that courts have determined discretionary immunity does not apply to the following:

- An officer's conduct of an accident investigation after the officer made the discretionary decision to undertake the investigation (*Green v. City of Livermore* (1981) 117 Cal.App.3d 82, 87–89;  *McCorkle* 70 Cal.2d 252, 261–262);

- Arresting the wrong person while executing a warrant (*Bell v. State of California* (1998) 63 Cal.App.4th 919, 929);

- Deciding to arrest an individual when there was no probable cause to do so (*Gillan* 147 Cal.App.4th 1033, 1047, 1051);  and

- ***Using unreasonable force when making an arrest or overcoming resistance to it** (Scruggs v. Haynes (1967) 252 Cal.App.2d 256, 264–268).*

In *Bell*, the appellate court held that officers who executed an arrest warrant on the wrong person, without a reasonable basis for concluding the arrestee was the man they sought, were not entitled to discretionary immunity under section 820.2 because they did not exercise the level of discretion required for immunity to apply, as their actions did not involve an actual exercise of discretion, i.e., a conscious balancing of risks and advantages, or constitute a basic policy decision. *Bell*, supra, 63 Cal.App.4th at p. 929.    In *Gillan*, the appellate court held section 820.2 immunity did not apply to the police's decision to arrest the plaintiff, which was found to be without probable cause, as that decision "was not a basic policy decision, but only an operational decision by the police purporting to apply the law. *Gillan*, supra, 147 Cal.App.4th at p. 1051.

Most importantly in the case *Perez v. City of Placerville, 2008 WL 4279386,  (E.D. Cal. 2008)* cited by Defendants, which involved the shooting of a dog pursuant to a search and seizure, on Summary Judgment the court would not dismiss plaintiffs Trespass claim on any grounds, including immunity. This case is discussed in section E(2) below.

There are no policies stated in the FAC and no facts presented in the FAC that somehow show that the officers conduct was in accordance with some basic policy decision made at planning stage of operations. Applying this line of authority to Plaintiff's case, it is clear that:

- The officers decision to enter Plaintiff's property through a closed gate with beware of dog signs, with dogs clearly visible to the officers prior to entrance and without authority to do so, was not *"in the nature of a basic policy decision" made at the planning stage of the public entities operations.*

- The officers decision to use lethal means rather than non-lethal means against Plaintiffs dog  was not *"in the nature of a basic policy decision" made at the planning stage of the public entities operations.*

- The officers decision to take Plaintiff's dog away from Plaintiff, and without the knowledge of Plaintiff was not *"in the nature of a basic policy decision" made at the planning stage of the public entities operations.*

- The officers decision to urinate on Plaintiff's property (FAC¶30) was not *"in the nature of a basic policy decision" made at the planning stage of the public entities operations.*

Defendants fail to show how the conduct alleged above have any connection with the policy making level and are not merely operational acts. Due to the lack of binding authority brought by Movants, and the facts and the case law presented herein, a reasonable inference can and should be drawn that the acts of the officers was merely ministerial, and not based on discretion *"in the nature of a basic policy decision" made at the planning stage of the public entities operations.*

3. **Penal Code Section 835(a) does not overcome the inapplicability of Immunity. Any application of Penal Code Section 835(a) must fail for the following reasons:**

- The language of 835(a) applies to "a person to be arrested" and the FAC does not allege that any person was the subject of an arrest. The FAC specifically states that there was no warrant left with Plaintiff and Plaintiff was never arrested, in addition to there being no authority for officers to be on Plaintiff's premises;

- The language of 835(a) applies to "the resistance or threatened resistance of the person being arrested", but the FAC does not plead any facts regarding a person being arrested and resistance therefrom;

- The language of 835(a) nor supporting case law says nothing of the officers rights to destroy a persons property, kill their pet, or urinate on their property.

Furthermore, the language of 835(a) further reiterates the term "reasonable" force to effect an arrest. What is "reasonable" verse "unreasonable" is an obvious issue of fact, as the FAC does not allege facts that would show without any doubt the officers conduct was reasonable. And the law provides that discretional immunity does not attach to the use of

"unreasonable" force when making an arrest or overcoming resistance to it. *Scruggs v. Haynes* (1967) 252 Cal.App.2d 256, 264–268).

Federal law does not warrant immunity for the officers acts in the use of force against a person's dog and Defendants fail to show that California law departs from the federal law.

Where the shield of immunity does not apply, the public entity is vicarious liable under respondent superior. See *Garcia* 637 F.Supp.2d 731. According to California law, vicarious liability under respondent superior also attaches to intentional torts, such as the intentional torts. See *Hinman v. Westinghouse Elec. Co*. (1970) 2 C3d 956, 960.

**E. PLAINTIFF HAS STATED VALID STATE CAUSES OF ACTION**

**1.** <u>**Government Code Section 820.2 is the only necessary statute for public employees to be liable, and no other statute regarding liability is necessary.**</u>

Defendants wrongly argue that 820.2 requires a violation of another statute for public employees to be liable. This is completely false. Government Code Section 820.2 is the statute that makes employees liable on the condition that their acts were not the result of the exercise of discretion, and if they were, there would have to be another specific statute to make them liable. Section 820.2 is the only statute necessary to be cited and such actions make an employee liable for any state common law theory, including intentional torts and negligence.

The case law presented above is evidence of this rule of law as public employees have been held negligible and negligence is not codified by statute. See also *Barner v. Leeds*, (2000) 24 Cal.4th 676, 685 (he or she is not immune for the *negligent performance* of professional duties that do not amount to policy or planning decisions.)

**2.** <u>**Plaintiff has stated a Valid Cause of Action for Trespass and Trespass to Chattels.**</u>

Defendants do not specifically attack these causes of action in regards to their elements but base their arguments that said causes of action fail claiming (1) immunities; (2) justification for enforcement of a warrant, and (3) justification pursuant to self-defense.  The inapplicability of Immunity and inapplicability of relying on affirmative defenses and material issues of fact such as self defense has already been rigorously discussed herein above. As addressed above herein, these arguments which are based on case law upon summary judgment have no merit and do not bar Plaintiffs claims as a matter of law.

*(a) No Warrant plead in FAC and Trespass is not dependent on the non-existence of a warrant.*

The issue of warrant vs none-warrant has also been discussed above. It is clear that the FAC does not allege a warrant. FAC¶34. Even so, using Defendant's own cited case of *Perez v.*

*City of Placerville, 2008 WL 4279386,  (E.D. Cal. 2008),* it is clear that the existence of a warrant does not in itself as a matter of law, provide privilege for the officers to trespass.

Contrary to Defendants recital of the facts, the facts in *Perez v. City of Placerville* illustrate that officers performed a search of a residence owned by the plaintiff armed with an arrest warrant (not a search warrant) in the name of another person, (Mase) who they believed to be plaintiffs boyfriend who resided with plaintiff. The officers in that case turned out to be wrong as the residence was only owned by plaintiff and the person named in the arrest warrant had not lived there for quite some time. During their raid of the house which found that Mase was not there, officers shot and killed plaintiff's dog.

On Summary Judgment and in further consideration of the defendants supplemental brief, the court, referencing cases such as *Hells Angels Motorcycle Club*, found that there was sufficient facts for a constitutional violation of fourth amendment rights and ***Tresspass*** because the issue as to whether there was a valid warrant was a disputed issue of fact. And there was evidence to suggest there was no valid warrant as it was not a search warrant for plaintiffs premises, nor an arrest warrant for someone that lived there. The court concluded there was a genuine issue of material fact as to whether the officers search on Plaintiffs property was valid under the circumstances.

The Court granted the motion as to plaintiffs state claims for trespass to chattels, and intentional infliction of emotional distress surrounding the killing of her dog only on the grounds of self defense privilege by the officers.  On Summary Judgment, the court found undisputed evidence that were in contrast to *Hells Angels Motorcycle Club* in that the evidence showed the officers looked for dogs prior to entering the property; had a dog handling unit with them who called for any dogs to appear, yet none did, and therefore the court found that the officers were justified in shooting the dog when just after opening the gate, a dog surprised them and immediately attacked. *See Perez v. City of Placerville, 2008 WL 4279386,  (E.D. Cal. 2008).*

This is a far different set of facts regarding the dog encounter than what is plead in the FAC, but the case stands for the point that the existence of a warrant does not defeat claims for trespass, nor trespass to chattels, as a matter of law.

Since Defendants fail to prove as a matter of law that Plaintiff's claims fail, Plaintiff has plead a valid cause of action.

3. <u>**Plaintiff has stated Valid Causes of Action for Gross Negligence and Gross Negligence Per Se**</u>.

Defendants have failed to prove as a matter of law that Plaintiff's causes of action for Gross Negligence fails. As stated in the FAC and admitted in Defendant's motion, the cause of action of Gross Negligence is a legally cognizable claim. What sets it apart from ordinary negligence is the level of conduct that breached ordinary level of care. Gross negligence falls short of a reckless disregard of consequences and differs from ordinary negligence only in degree and not in kind." *Colich & Sons v. Pacific Bell* (1988) 198 Cal.App.3d 1225, 1240,1241. In general, the determination of whether there was evidence of "gross negligence" is a triable issue of fact. (See, e.g., *Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 138; *Decker v. City of Imperial Beach* (1989) 209 Cal.App.3d 349, 359.

As discussed above, immunity is inapplicable and Defendants fail to prove otherwise. Defendants in their motion have no other ascertainable legal argument nor bring forth any legal authority of how Gross Negligence fails as a matter of law. They argue their position by minimizing the facts.

Reiterated herein again, it is clear that the FAC alleges facts that taken as true, one could consider the officers' actions an ***"extreme departure from ordinary standard of conduct."***

In summary, the FAC alleges the following facts incorporated into each cause of action:

- The driveway to Plaintiff's property is gated, topped with barbed wire. "beware of dog" signs and other such warnings appear on the outside of Plaintiffs front gate in plain view. FAC¶19,21,22

- Prior to entering Plaintiff's Property, Defendants were present outside his closed front gate and perimeter of the Property, and were aware of dogs inhabiting the Property. FAC¶24;

- After entering Plaintiff's Property, and while Defendants were on Plaintiff's Property, Defendants engaged Plaintiffs dog. They maced the dog and then discharged their weapon at the dog, killing him ("Samson"). FAC¶25-27.;

- No efforts were made to save Samson's life. FAC¶28;

- Thereafter, Defendants seized Samson's body by removing it from the premises. Defendants then washed away the blood from Samson's body with Plaintiffs own water hose located on his Property, as if to cover up Defendant's wrongful conduct. FAC¶29;

- Defendant officer urinated on Plaintiff's property. FAC¶30;

- No warrant was left at Plaintiff's property. FAC¶34; Plaintiff was asleep in his home when all this occurred and never gave consent. FAC¶23,38;

- Plaintiff was never arrested, taken into custody or cited for anything/crime in connection to Defendants presence on Plaintiffs Property on May 30, 2018. FAC¶34.

**4.** **Plaintiff has stated a Valid Cause of Action for Int. Inflication of Emotional Distress.**

Defendants have failed to prove as a matter of law that Plaintiffs cause of action for Intentional Infliction of Emotional Distress fails. As discussed above, immunity is inapplicable and Defendants fail to prove otherwise.

Defendants in their motion have no other ascertainable legal argument nor bring forth any legal authority of how said cause of action fails as a matter of law. Just like Gross Negligence they argue their case by minimizing the facts by arguing that the facts do not amount to a tragedy. Fortunately, Defendants opinion has no merit.

Furthermore, their reliance on *Perez* has no weight. Again, the court in *Perez* only dismissed the Intentional Infliction of emotional Distress cause of action upon Summary Judgment holding that the defendant had met its burden of proving undisputed facts of self-defense. *See Perez v. City of Placerville, 2008 WL 4279386,  (E.D. Cal. 2008).*

The FAC does not allege facts of self defense nor has Defendant proven that Plaintiff has a legal obligation to. The court has no obligation on a motion to dismiss to except and weigh evidence of Self-defense.

**5.** **Plaintiff has stated a Valid Cause of Action for Negligence**

As with Gross Negligence, Plaintiffs have plead the duty / standard in which officers are held to,  and sufficient facts to establish breach of said duty. FAC¶¶99, 122.

As already discussed herein, Plaintiff has sufficiently stated the applicable state statute for which liability can be granted, which is Govt. Code Section 820.2 and this is all the statutory authority needed. See discussion in section E(1) above. See also *Barner v. Leeds*, (2000) 24 Cal.4th 676, 685 (he or she is not immune for the *negligent performance* of professional duties that do not amount to policy or planning decisions.).

Defendants recital of the rule of law in *Perez* is continuously flawed. In *Perez*, the court dismissed the negligent claim for failing to cite to a statute for which liability could be garnered against a public employee. A clear reading of *Perez* shows ***the plaintiff did not cite to any statute including 820.2*** and therefore she lost her claim.

Furthermore, Plaintiff in his FAC may generally plead negligence as admitted in Defendant's Motion. There is no separate negligence claim against the County defendants that would lead to a more stricter pleading standard. The County's liability is strictly through Gov. Code Section 820.2 which is similar to respondent superior.

### F. PLAINTIFF HAS STATED VALID CLAIMS FOR PUNITIVE DAMAGES.

There are two statutory basis in awarding punitive damages against Defendant Officers. California Civil Code Section 3294 makes punitive damages available when the alleged acts were done with malice, oppression or fraud. Separately Civil Code Section 3340 makes punitive damages available if a person willfully or through gross negligence wrongfully injures an animal.

Punitive damages is merely a claim for damages in a complaint that runs with the cause of action. Defendants give no legal authority whatsoever to suggest a complaint must factually state more than what is necessary for the specific cause of action to which punitive damages are applied. In-fact the law provides the opposite. It is well settled law that Punitive Damages in a Complaint may be generally plead. In *Miller v. National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 336, addressing the cause of action for fraud, the court held that if Fraud is plead sufficiently to state a cause of action for fraud, the pleading of fraud is sufficient to support punitive damages.

Defendants view of the holding in *Perez v. City of Placerville* is again flawed, as the court only dismissed punitive damages on Summary Judgment because the court dismissed the causes of action supporting punitive damages upon a finding on Summary Judgment that defendants proved their self-defense claim thus shooting the dog was deemed justified.

Both grounds have been plead in each cause of action against Defendant Officers in the FAC, and since all causes of action that claim punitive damages are sufficiently plead, so is Plaintiff's claim for punitive damages.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court deny Defendants Motion to Dismiss in its entirely. In the alternative Plaintiff respectfully request that the Court deny Defendants Motion to each cause of action separately and individually. If any part of the motion is granted, Plaintiff requests leave to amend, as Plaintiff has the ability to cure any defects in the FAC.

Respectfully Submitted.

Dated: 11/5/18                    LAW OFFICES OF JOSEPH G. SWEENEY, PC



Joseph G. Sweeney
Attorney for Plaintiff George Aguaristi