1  JOSEPH G. SWEENEY (SBN 268475)
2  Law Offices of Joseph G. Sweeney, PC
   1300 Clay Street, Suite 600
3  Oakland, CA 94612
   Tel: (510) 545-9307
4  Fax: (510) 573-2860
   Email: joe@sweeney-calaw.com
5

6  Attorneys for Plaintiffs:
   George Aguaristi

7

8  **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF CALIFORNIA**

9  **GEORGE AGUARISTI**                    | Case No. 1:18-cv-01053-DAD-EPG

10
        Plaintiff,                         | **SECOND AMENDED COMPLAINT**
11                                          | **FOR DAMAGES**

12  v.
                                            1.  42 U.S.C. Section 1983 Violation of Civil rights
13  **COUNTY OF MERCED; MERCED**                under Fourth Amendment Search and Seizure
    **COUNTY DISTRICT ATTORNEY**
14  **OFFICE; ANDREA VALTIERRA-**          2.  Trespass
    **GONGORA; CURTIS GORMAN; and**
15  **DOES 1-20**                          3.  Trespass to chattel

16                                          4.  Intentional Infliction of Emotional Distress
        Defendants.
17                                          5.  Gross Negligence

18                                          6.  Gross Negligence Per Se

19                                          7.  Negligence

20                                          **Jury Trial Demanded**

21      Plaintiff GEORGE AGUARISTI ("Plaintiff"), by and through their counsel, for their First

22  Amended Complaint against Defendants COUNTY OF MERCED; MERCED COUNTY

23  DISTRICT ATTORNEY OFFICE; **ANDREA VALTIERRA-GONGORA; CURTIS**

24  **GORMAN**; and DOES 1-20 (collectively "Defendants"), pleads as follows:

25

26                          **JURISDICTION AND VENUE**

27      1.  This Court has subject matter jurisdiction based on federal question under 42 U.S.C.

28
                                        1

Section 1983 Violation of Civil rights under Fourth Amendment Search and Seizure. This is an action asserting violations of the Fourth Amendment of the United States Constitution, with additional claims under California state law. These claims all arise out of the same controversy and sequence of events.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the events giving rise to the claim occurred in Merced County, California which falls within this judicial district.

3.    The Court has personal jurisdiction over the parties as all Defendants are either public entities within the State of California within the jurisdictional area of the United States District Court Eastern District of California or are individuals that are employed by the public entities within the State of California within the jurisdiction of the Eastern District.

4.    Jurisdiction of this Court of the pendent state claims is authorized by Federal Rule of Civil Procedure 18(a). And the State claims are part of the same case and controversy as the Federal Claims.

5.    Plaintiff brings his action against Defendants for damages and harm resulting from law enforcement's unlawful killing of his dog, Samson, during their unlawful presence on Plaintiffs property located at 20521 Reynolds Ave Dos Palos, CA 93620.

**PARTIES**

6.    Plaintiff is an individual resident of the city of Dos Palos in Merced County, California who resides at 20521 Reynolds Ave Dos Palos, CA 93620 ("Property" or "Premises") where the events subject to this action occurred.

7.    Defendant County of Merced is a public entity and/or municipality, governing body and county in the State of California. Merced County is a California Constitution defined general

2

law county and is governed by an elected Board of Supervisors. Its principle offices are located at 2222 M. Street, Merced, CA 95340.

8. Defendant Merced County District Attorney Office is a municipal law enforcement agency/department /entity within the County of Merced. The Merced County District Attorney's Office employs investigators and/or police officers who perform law enforcement duties such as serving and carrying out arrest and search warrants. The Merced County District Attorney's office is located at 550 West Main Street, Merced, CA 95340.

9. Defendant Curtis Gorman is an individual who, at the time of the incident, was employed by the Merced County District Attorney Office, and who was one of the investigators and/or officers present on Plaintiff's Property on May 30, 2018 during the events that took place as part of this claim.

10. Defendant Andrea Valtierra-Gongora is an individual who, at the time of the incident, was employed by the Merced County District Attorney Office, and who was one of the investigators and/or officers present on Plaintiff's Property on May 30, 2018 during the events that took place as part of this claim.

11. The true and full names of all other law enforcement person that were on Plaintiffs Property on May 30, 2018 during the events that took place as part of this claim, and their involvement as to the incident, are unknown at this time. Once the full and true names, and facts surrounding their liability, become known, the true names will be substituted with Doe Defendants.

12. At all times herein, Plaintiff is informed, believes and thereon alleges that the law enforcement persons and/or investigators that were present on Plaintiffs Property on May 30, 2018 were under the direction of the Merced County District Attorney Office.

13.   At all times herein, Plaintiff is informed, believes and thereon alleges that the County of Merced with participation and in conjunction with Merced County District Attorney Office, were present at and on Plaintiff's Property on May 30, 2018 and are accountable for the events that transpired and damages that resulted from the claims herein.

14.   Defendants County of Merced California; Merced County District Attorney Office; Andrea Valtierra-Gongora, and Curtis Gorman (collectively "Defendants").

15.   Defendants Andrea Valtierra-Gongora, and Curtis Gorman (collectively Defendant Officers).

16.   Plaintiff does not know the true names and capacities, whether individual, public, corporate or otherwise, of defendants Does 1 to 20, and therefore sues them by those fictitious names. Plaintiff is informed and believes that each such defendant is in some way responsible for the damages alleged in this Complaint. Plaintiff will amend this Complaint to allege the Doe defendants' true names and capacities when they have been ascertained.

17.   Plaintiff is informed and believes that in doing the acts alleged in this Complaint, each of the named and Doe defendants was the agent or employee of the other defendants; and that in doing the acts alleged, each was acting within the course and scope of their agency, employment, or service with the advance knowledge, consent, or ratification of the other defendants, including the corporate defendants' officers, directors, or managing agents.

## GENERAL ALLEGATIONS

18.   Plaintiff George Aguaristi ("Plaintiff") lives and is the property owner at 20521 Reynolds Ave Dos Palos, CA 93620 ("Property" or "Premises").

19.   Plaintiff owns and keeps various animals on his Property. Plaintiff's Property is fully enclosed with a fence, much of it containing barbed wire at its top.

4

20. Just prior to the incident on May 30, 2018, Plaintiff owned and possessed two dogs that resided at the Property, one of them named Samson, which were also his companions.

21. The driveway to Plaintiff's property is gated, topped with barbed wire.

22. "beware of dog" signs and other such warnings appear on the outside of Plaintiffs front gate in plain view.

23. On May 30, 2018, while Plaintiff was asleep in his house at his Property, law enforcement personnel who were employees, agents for the Defendants named herein, without consent from Plaintiff nor anyone with consenting authority, entered Plaintiff's Property.

24. Prior to entering Plaintiff's Property, Defendants were present outside his closed front gate and perimeter of the Property, and were aware of dogs inhabiting the Property.

25. After entering Plaintiff's Property, and while Defendants were on Plaintiff's Property, Defendant maced, then shot and killed Plaintiff's three year old dog, Samson ("Samson").

26. Plaintiff is informed, believes, and thereon alleges that the two officers that entered Plaintiff's property through the front gate and who engaged Plaintiff's dogs were Defendants Andrea Valtierra-Gongora, and Curtis Gorman.

27. Plaintiff is informed, believes, and thereon alleges that the officer who discharged the weapon killing Samson was Defendant Andrea Valtierra-Gongora.

28. Plaintiff is informed, believes and thereon alleges that Defendants thereafter failed to make any efforts to save Samson's life and did not check for a pulse.

29. Thereafter, Defendants seized Samson's body by removing it from the premises. Defendants then washed away the blood from Samson's body with Plaintiffs own water hose located on his Property, as if to cover up Defendant's wrongful conduct.

30.     To add insult to injury, an officer at the scene employed by Defendant County of Merced and/or Merced County District Attorney's Office urinated on Plaintiff's property.

31.     Plaintiff woke up to find Samson missing with no explanation as to what had happened, and if any warrant existed, no warrant of any kind was left at Plaintiff's Property.

32.     After learning that Samson was in the possession of Animal Control, Plaintiff had to drive and pick up Samson in a **bag**.

33.     Plaintiff never consented to Defendants entering his Property, killing Samson, removing Samson from his Property, nor the urination by Defendants on his Property.

34.     Plaintiff was never arrested, taken into custody or cited for anything/crime in connection to Defendants presence on Plaintiffs Property on May 30, 2018.

35.     On June 7, 2018 Plaintiff filed a municipal claim for damages against the County of Merced in regards to the events that occurred on May 30, 2018.  Thereafter, Plaintiff requested records from the County of Merced regarding the incident. Plaintiff's request was denied on July 2, 2018.

36.     Plaintiff's municipal claim for damages against Merced County was denied on July 10, 2018.

37.     Plaintiff is informed, believes and thereon alleges that Defendant's actions violated Plaintiff's Constitutional civil rights under the Fourth Amendment Search and Seizure.

38.     Plaintiff is informed, believes and thereon alleges Defendants had no valid consent, nor valid authority to enter Plaintiff's Property.

39.     Plaintiff is informed, believes and thereon alleges that Defendants had no valid warrant to enter Plaintiff's Property.

40.     Plaintiff is informed, believes and thereon alleges that any warrant Defendants had

to enter Plaintiffs Property was invalid, and/or was exceeded by law enforcement in regards to their conduct.

41.     Plaintiff is informed, believes and thereon alleges that Defendants had no right, nor probable cause to enter and/or perform a warrantless search and seizure as to Plaintiffs Property.

42.     Plaintiff is informed, believes and thereon alleges that the conduct of Defendants in their shooting of Samson and their conduct in the aftermath of the shooting was unjustified, illegal, wrongful, and done without any reasonable grounds.

43.     Plaintiff is informed, believes and thereon alleges that the conduct of Defendants as described herein was done with such none-compassion, disrespect, that it constituted despicable conduct.

44.     Plaintiff is informed, believes and thereon alleges that the conduct of Defendants in killing Samson and their actions thereafter as described herein was committed willfully or with gross negligence in disregard of humanity, entitling Plaintiff to exemplary damages per California Civil Code Section 3340.

45.     Plaintiff is informed, believes and thereon alleges that in doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights.

46.     Plaintiff is informed, believes and thereon alleges that in doing the acts alleged above, Defendants committed the acts intentionally or with reckless or callous disregard for Plaintiff's rights.

//
//
//
//

Second Amended Complaint of George Aguaristi v. County of Merced et al.

**FIRST CAUSE OF ACTION**

**42 U.S.C. SECTION 1983**
**VIOLATION OF CIVIL RIGHTS UNDER FOURTH AMENDMENT**
**SEARCH AND SEIZURE**
**As Against Defendants Andrea Valtierra-Gongora, and Curtis Gorman and Does 1-20**

47.    Plaintiff re-alleges and incorporate by reference paragraphs 1 to 46 as though fully set forth here.

48.    Plaintiff owned and resided at the Property 20521 Reynolds Ave Dos Palos, CA 93620.

49.    Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged herein above, Plaintiff's Constitutional Fourth Amendment Civil Rights were violated in that Defendants entered and/or searched Plaintiff's Property illegally and without a sufficient warrant, consent, authority, probable cause, nor any other legal capacity in the eyes of the law which resulted in Defendants killing Samson.

50.    Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged herein above, Plaintiff's Constitutional Fourth Amendment Civil Rights were further violated when Defendants seized Plaintiff's property by shooting and killing Samson, and then taking his corpse without a sufficient warrant, consent, authority, probable cause, justification, nor any other legal capacity in the eyes of the law.

51.    Defendants knew, or should have known that their actions were in violation of the law.

52.    The killing of [a] dog is a de- struction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983. Robinson v. Solano County, 402 F.3d 962, followed by The San Jose Charter of the Hell's Angels Motorcycle Club et al v.

8

City of San Jose et al. 402 F.3d 962 (2005).

53.    Plaintiff is informed, believes and thereon alleges that the conduct of Defendants as described herein was done with such none-compassion, disrespect, and constituted despicable conduct.

54.    The Defendant Officers are liable pursuant to Government Code Section 820(a).

55.    Defendants are vicariously liable for any and all damages resulting in the other Defendant's actions as Defendants actions were authorized, and/or ratified by the other Defendants.

56.    As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff suffered compensatory damages, special and general damages, economic and none economic damages, property damage, pain and suffering, mental anguish, annoyance and discomfort loss and enjoyment of life and property, attorney fees and costs in an amount to be proven at trial.

57.    Plaintiff is informed, believes and thereon alleges that in doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights

58.    Plaintiff is informed, believes and thereon alleges that in doing the acts alleged above, Defendants committed the acts intentionally or with reckless or callous disregard for Plaintiff's rights, entitling Plaintiff to exemplary damages as against the individual Defendant Officers.

59.    WHEREFORE Plaintiffs pray for judgment herein set forth.

## SECOND CAUSE OF ACTION

## TRESPASS

### As Against All Defendants and Does 1-20

60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 as though fully

9

set forth here.

61.     Plaintiff owned and resided at the Property 20521 Reynolds Ave Dos Palos, CA 93620.

62.     Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged herein above (described in paragraphs 18-42), which involves Defendant Officers entering his Property on May 30, 2018 without legal authority, nor consent, Defendants trespassed on Plaintiff's land.

63.     Plaintiff never consented to the entrance on to his land and Trespasses alleged herein, and Defendants had no legal authority for their entrance and Trespasses.

64.     Plaintiff is informed, believes and alleges that at the time of Defendant's entrance upon his property, the Defendants possessed an invalid, defective arrest warrant (warrant no. 17CR07651) which gave them no legal authority to enter his property nor trespass upon his possessions.

65.     Plaintiff is informed, believes, and thereon alleges that the arrest warrant was defective, and invalid as: (1) Plaintiff was not named in the warrant; (2) the warrant named a person (Annette Pasillas Bermea) with a picture of a woman, who did not, and never resided at Plaintiff's address at 20521 Reynolds Ave Dos Palos, CA 93620; (3) the warrant was a misdemeanor arrest warrant for a non-violent crime incorrectly naming Plaintiff's address for which the person named in the warrant never resided; (4) the arrest warrant was not a warrant for search and seizure upon Plaintiff nor his premises.

66.     Plaintiff is informed, believes, and thereon alleges that Defendants were aware or should have been aware that they were serving an arrest warrant for Annette Pasillas Bermea at the wrong address as the warrant was issued on January 8, 2018 and not served until May 30, 2018,

1   giving Defendants ample time to find the true and correct address and/or location of Annette
2   Pasillas Bermea.
3       67.    Plaintiff is informed, believes, and thereon alleges that Defendants were aware or
4   should have been aware that they were serving an arrest warrant for Annette Pasillas Bermea at the
5   wrong address as Annette Pasillas Bermea had previously lived at the neighboring property and
6   Defendants had visited her address in the past.
7
8       68.    Plaintiff is informed, believes, and thereon alleges that an invalid warrant negates
9   any valid authority to enter Plaintiffs property.
10      69.    Again, no warrant of any kind was left at Plaintiff's premises and Plaintiff was never
11  arrested, taken into custody or cited for anything/crime in connection to Defendants presence on
12  Plaintiffs Property on May 30, 2018.
13
14      70.    Plaintiff is informed, believes, and thereon alleges that Defendants further exceeded
15  any authority given by the arrest warrant by their forceful actions as alleged in paragraphs 18-42,
16  which ended in the death of Plaintiff's dog, Samson, in carrying out an erroneous misdemeanor
17  arrest warrant at the wrong property and for the wrong person, for a non-violent crime.
18
19      71.    Plaintiff is informed, believes and thereon allege that Defendants entrance upon
20  Plaintiff's Property was unauthorized, and without permission from Plaintiff.
21      72.    As a result of Defendants actions, the unauthorized entrance onto Plaintiff's
22  Property by Defendants created a continuing trespass and causing severe damage and distress.
23      73.    The Defendant Officers are liable pursuant to Government Code Section 820(a).
24  Defendants County of Merced and Merced County District Attorney's Office  are vicariously
25  liable for any and all damages resulting in Defendant Officers  actions pursuant to Government
26  Code Section 815.2. At the time the incident occurred, Defendant Officers were acting within the
27
28

11

course and scope of his/her agency relationship and/or employment.

74.    Defendants are vicariously liable for any and all damages resulting in the other Defendant's Trespass as Defendants actions were authorized, and/or ratified by the other Defendants.

75.    As a direct and proximate cause of Defendants trespass, Plaintiff suffered harm including, economic, non-economic, general and specific damages, property damage, compensatory damages, annoyance and discomfort, emotional distress and mental anguish, in an amount to be proven at trial.

76.    In doing the acts alleged above, Defendants conduct resulted in the death of Samson, and said conduct was committed willfully or by gross negligence, in disregard of humanity, whereby exemplary damages may be given against the individual Defendant Officers in accordance with California Civil Code Section 3340.

77.    In doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights.

78.    Therefore, Plaintiffs are entitled to damages in amounts according to proof.

79.    WHEREFORE Plaintiffs pray for judgment herein set forth.

### THIRD CAUSE OF ACTION

### TRESPASS TO CHATTEL

#### As Against All Defendants and Does 1-50

80.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 78 as though fully set forth here.

81.    Plaintiff owned and resided at the Property 20521 Reynolds Ave Dos Palos, CA 93620.

82.    Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged

12

herein above (described in paragraphs 18-42), which involves shooting and killing Samson, and then coldly taking his body, Plaintiff's Defendants Trespassed upon Plaintiff's personal property ("Samson") which in this case was a companion animal recognized by the law as a special relationship above and beyond just personal property.

83.     Plaintiff did not consent to the destruction, killing nor taking of his dog, Samson.

84.     Plaintiff is informed, believes and alleges that at the time of Defendant's entrance upon his property, the Defendants possessed an invalid, defective arrest warrant (warrant no. 17CR07651) which gave them no legal authority to enter his property nor trespass upon his possessions.

85.     Plaintiff is informed, believes, and thereon alleges that the arrest warrant was defective, and invalid as: (1) Plaintiff was not named in the warrant; (2) the warrant named a person (Annette Pasillas Bermea) with a picture of a woman, who did not, and never resided at Plaintiff's address at 20521 Reynolds Ave Dos Palos, CA 93620; (3) the warrant was a misdemeanor arrest warrant for a non-violent crime incorrectly naming Plaintiff's address for which the person named in the warrant never resided; (4) the arrest warrant was not a warrant for search and seizure upon Plaintiff nor his premises.

86.     Plaintiff is informed, believes, and thereon alleges that Defendants were aware or should have been aware that they were serving an arrest warrant for Annette Pasillas Bermea at the wrong address as the warrant was issued on January 8, 2018 and not served until May 30, 2018, giving Defendants ample time to find the true and correct address and/or location of Annette Pasillas Bermea.

87.     Plaintiff is informed, believes, and thereon alleges that Defendants were aware or should have been aware that they were serving an arrest warrant for Annette Pasillas Bermea at the

13

wrong address as Annette Pasillas Bermea had previously lived at the neighboring property and Defendants had visited her address in the past.

88.     Plaintiff is informed, believes, and thereon alleges that an invalid warrant negates any valid authority to enter Plaintiffs property.

89.     Again, no warrant of any kind was left at Plaintiff's premises and Plaintiff was never arrested, taken into custody or cited for anything/crime in connection to Defendants presence on Plaintiffs Property on May 30, 2018.

90.     Plaintiff is informed, believes, and thereon alleges that Defendants further exceeded any authority given by the arrest warrant by their forceful actions as alleged in paragraphs 18-42, which ended in the death of Plaintiff's dog, Samson, in carrying out an erroneous misdemeanor arrest warrant at the wrong property and for the wrong person, for a non-violent crime.

91.     The Defendant Officers are liable pursuant to Government Code Section 820(a). Defendants County of Merced and Merced County District Attorney's Office  are vicariously liable for any and all damages resulting in Defendant Officers  actions pursuant to Government Code Section 815.2. At the time the incident occurred, Defendant Officers were acting within the course and scope of his/her agency relationship and/or employment.

92.     Defendants are vicariously liable for any and all damages resulting in the other Defendant's Trespass to Samson as Defendants actions were authorized, and/or ratified by the other Defendants.

93.     As a direct and proximate cause of Defendants trespass to Samson, Plaintiff suffered harm including, economic, non-economic, general and specific damages, property damage, compensatory damages, annoyance and discomfort, emotional distress and mental anguish, in an amount to be proven at trial.  Where the injury is to a pet, the owner may recover emotional

distress damages. [*Plotnik v. Meihaus* (2012) 208 CA4th 1590, 1605-1608, 146 CR3d 585, 599-601—neighbor intentionally hit dog with baseball bat].

94.    In doing the acts alleged above, Defendants conduct resulted in the death of Samson, and said conduct was committed willfully or by gross negligence, in disregard of humanity, whereby exemplary damages may be given against the individual Defendant Officers in accordance with California Civil Code Section 3340.

95.    In doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights.

96.    Therefore, Plaintiffs are entitled to damages in amounts according to proof.

97.    WHEREFORE Plaintiffs pray for judgment herein set forth.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### As Against All Defendants and Does 1-20

98.    Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 as though fully set forth here.

99.    Plaintiff is informed, believes, and therefore alleges that, in doing the acts alleged herein above, (represented in paragraphs 18-42) including the unauthorized/invalid entrance upon Plaintiffs Property, the unjustified and unreasonable killing of Samson, the removal of Samson; the urination upon Plaintiff's Property constitutes extreme and outrageous conduct.

100.   Defendants said acts or omissions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

101.   As a direct and proximate result of Defendants acts or omissions, Plaintiff suffered severe emotional distress which has caused Plaintiff to sustain severe, serious and permanent

15

injuries to his person.

102.   The Defendant Officers are liable pursuant to Government Code Section 820(a). Defendants County of Merced and Merced County District Attorney's Office  are vicariously liable for any and all damages resulting in Defendant Officers  actions pursuant to Government Code Section 815.2. At the time the incident occurred, Defendant officers were acting within the course and scope of his/her agency relationship and/or employment.

103.   Defendants are vicariously liable for any and all damages resulting in the other Defendant's intentional infliction of emotional distress as Defendants actions were authorized, and/or ratified by the other Defendants.

104.   As a direct and proximate cause of Defendants intentional infliction of emotional distress, Plaintiff suffered harm including, economic, non-economic, general and specific damages, property damage, compensatory damages, severe emotional distress and mental anguish, in an amount to be proven at trial.

105.   In doing the acts alleged above, Defendants conduct resulted in the death of Samson, and said conduct was committed willfully or by gross negligence, in disregard of humanity, whereby exemplary damages may be given against the individual Defendant Officers in accordance with California Civil Code Section 3340.

106.   In doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights.

107.   Therefore, Plaintiffs are entitled to damages in amounts according to proof.

108.   WHEREFORE Plaintiffs pray for judgment herein set forth.

## FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE

**As Against All Defendants and Does 1-20**

109.   Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 as though fully set forth here.

110.   It is the duty of one who undertakes to perform the services of a police officer or paramedic to have the knowledge and skills ordinarily possessed and to exercise the care and skill ordinarily used in like cases by police officers or paramedics in the same or similar locality and under similar circumstances.

111.   Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged herein above (described in paragraphs 18-42) including, but not limited to entering Plaintiff's Property, shooting and killing Samson, and then coldly taking his body, not to mention, urinating on his Property, Defendants conduct constituted an extreme departure from the ordinary standard of conduct.

112.   Plaintiff is informed, believes, and thereon alleges that Defendants acts as alleged herein above constituted extreme conduct that was an extreme departure from the ordinary standard of care and/or demonstrated want of even scant care.

113.   The Defendant Officers are liable pursuant to Government Code Section 820(a). Defendants County of Merced and Merced County District Attorney's Office  are vicariously liable for any and all damages resulting in Defendant Officers  actions pursuant to Government Code Section 815.2. At the time the incident occurred, Defendant officers were acting within the course and scope of his/her agency relationship and/or employment.

114.   Defendants are vicariously liable for any and all damages resulting in the other Defendant's gross negligence as Defendants actions were authorized, and/or ratified by the other Defendants.

115.   As a direct and proximate cause of Defendants gross negligence, Plaintiff suffered

17

harm including, economic, non-economic, general and specific damages, property damage,

compensatory damages, annoyance and discomfort, emotional distress and mental anguish, in an

amount to be proven at trial.  Where the injury is to a pet, the owner may recover emotional

distress damages. [*Plotnik v. Meihaus* (2012) 208 CA4th 1590, 1605-1608, 146 CR3d 585, 599-

601—neighbor intentionally hit dog with baseball bat].

116.   In doing the acts alleged above, Defendants conduct resulted in the death of Samson,

and said conduct was committed willfully or by gross negligence, in disregard of humanity,

whereby exemplary damages may be given against the individual Defendant Officers in

accordance with California Civil Code Section 3340.

117.   In doing the acts alleged above, Defendants acted with malice, oppression and/or

willful disregard for Plaintiff's rights.

118.   Therefore, Plaintiffs are entitled to damages in amounts according to proof.

119.   WHEREFORE Plaintiffs pray for judgment herein set forth.

### SIXTH CAUSE OF ACTION

### GROSS NEGLIGENCE PER SE

#### As Against All Defendants and Does 1-20

120.   Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 as though fully

set forth here.

121.   Plaintiff is informed, believes, and thereon alleges that Defendants owed several

constitutional and statutory duties to Plaintiff  consisting of, but not limited to: the duty to not

violate Plaintiff's constitutional rights pursuant to 42 U.S.C. section 1983, and not to harm animals

in accordance with California Pen. Code, § 597. California Pen. Code, § 597 makes it a crime to

abuse a person's animal.

122.   Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged

herein above, (described in paragraphs 18-42) including, but not limited to entering Plaintiff's Property, shooting and killing Samson, and then coldly taking his body, Defendants conduct was extreme, violating Plaintiff's civil rights, and California Pen. Code § 597 regarding animal abuse which constitutes an extreme departure from the ordinary standard of conduct.

123.   Defendants violations of the above statutes and law were extreme in that it constituted an extreme departure from the ordinary standard of conduct.

124.   The Defendant Officers are liable pursuant to Government Code Section 820(a). Defendants County of Merced and Merced County District Attorney's Office  are vicariously liable for any and all damages resulting in Defendant Officers  actions pursuant to Government Code Section 815.2. At the time the incident occurred, Defendant officers were acting within the course and scope of his/her agency relationship and/or employment.

125.   Defendants are vicariously liable for any and all damages resulting in the other Defendant's gross negligence as Defendants actions were authorized, and/or ratified by the other Defendants.

126.   As a direct and proximate cause of Defendants gross negligence in violating the statutes and law, Plaintiff suffered damages from the occurrence the statutes and law were meant to prevent.

127.   Plaintiff suffered harm including, economic, non-economic, general and specific damages, property damage, compensatory damages, annoyance and discomfort, emotional distress and mental anguish, in an amount to be proven at trial.

128.   In doing the acts alleged above, Defendants conduct resulted in the death of Samson, and said conduct was committed willfully or by gross negligence, in disregard of humanity, whereby exemplary damages may be given agaisnt the individual Defendant Officers in

accordance with California Civil Code Section 3340.

129.   In doing the acts alleged above, Defendants acted with malice, oppression and/or willful disregard for Plaintiff's rights.

130.   Therefore, Plaintiff is entitled to damages in amounts according to proof.

131.   WHEREFORE Plaintiffs pray for judgment herein set forth.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

#### As Against All Defendants and Does 1-20

132.   Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 as though fully set forth here.

133.   It is the duty of one who undertakes to perform the services of a police officer or paramedic to have the knowledge and skills ordinarily possessed and to exercise the care and skill ordinarily used in like cases by police officers or paramedics in the same or similar locality and under similar circumstances.

134.   Plaintiff is informed, believes, and therefore alleges that in doing the acts alleged herein above (described in paragraphs 18-42) but not limited to entering Plaintiff's Property, shooting and killing Samson, and then coldly taking his body, Defendants conduct fell below the ordinary standard of care and also violated California Pen. Code §597 which makes it a crime to abuse a person's animal.

135.   As a direct and proximate result of Defendant's negligence, Plaintiff suffered special and general damages, economic and none economic damages, property damage, compensatory damages.

136.   The Defendant Officers are liable pursuant to Government Code Section 820(a). Defendants County of Merced and Merced County District Attorney's Office  are vicariously

Second Amended Complaint of George Aguaristi v. County of Merced et al.

liable for any and all damages resulting in Defendant Officers actions pursuant to Government Code Section 815.2. At the time the incident occurred, Defendant officers were acting within the course and scope of his/her agency relationship and/or employment.

137.   Defendants are vicariously liable for any and all damages resulting in the other Defendant's negligence as Defendants actions were authorized, and/or ratified by the other Defendants.

138.   Therefore, Plaintiffs are entitled to damages in amounts according to proof.

139.   WHEREFORE Plaintiffs pray for judgment herein set forth.

//

//

**WHEREFORE, Plaintiff, prays for judgment against Defendants, as follows:**

**FIRST CAUSE OF ACTION**

1.     Compensatory Damages according to proof;

2.     Special Damages in an amount to be proven at trial;

3.     General Damages in an amount to be proven at trial;

4.     Punitive Damages in an amount to be proven at trial;

5.     Attorney fees and costs;

6.     For any and all civil penalties and statutory damages;

7.     For any all other appropriate relief.

**SECOND CAUSE OF ACTION**

1.     Compensatory Damages according to proof;

2.     Special Damages in an amount to be proven at trial;

3.     General Damages in an amount to be proven at trial;

4.     Punitive Damages in an amount to be proven at trial;

5.     Attorney fees and costs;

6.     For any and all civil penalties and statutory damages;

21

7.      For any all other appropriate relief.

**THIRD CAUSE OF ACTION**

1.      Compensatory Damages according to proof;

2.      Special Damages in an amount to be proven at trial;

3.      General Damages in an amount to be proven at trial;

4.      Punitive Damages in an amount to be proven at trial;

5.      Attorney fees and costs;

6.      For any and all civil penalties and statutory damages;

7.      For any all other appropriate relief.

**FOURTH CAUSE OF ACTION**

1.      Compensatory Damages according to proof;

2.      Special Damages in an amount to be proven at trial;

3.      General Damages in an amount to be proven at trial;

4.      Punitive Damages in an amount to be proven at trial;

5.      Attorney fees and costs;

6.      For any and all civil penalties and statutory damages;

7.      For any all other appropriate relief.

**FIFTH CAUSE OF ACTION**

1.      Compensatory Damages according to proof;

2.      Special Damages in an amount to be proven at trial;

3.      General Damages in an amount to be proven at trial;

4.      Punitive Damages in an amount to be proven at trial;

5.      Attorney fees and costs;

6.      For any and all civil penalties and statutory damages;

7.      For any all other appropriate relief.

**SIXTH CAUSE OF ACTION**

1.      Compensatory Damages according to proof;

2.      Special Damages in an amount to be proven at trial;

Second Amended Complaint of George Aguaristi v. County of Merced et al.

1    3.    General Damages in an amount to be proven at trial;

2    4.    Punitive Damages in an amount to be proven at trial;

3    5.    Attorney fees and costs;

4    6.    For any and all civil penalties and statutory damages;

5    7.    For any all other appropriate relief.

6  **SEVENTH CAUSE OF ACTION**

7    1.    Compensatory Damages according to proof;

8    2.    Special Damages in an amount to be proven at trial;

9    3.    General Damages in an amount to be proven at trial;

10   4.    For any and all civil penalties and statutory damages;

11   5.    For any all other appropriate relief.

12

13  Dated: _2/7/19_                                    LAW OFFICES OF JOSEPH G. SWEENEY, PC

14

15                                                     JOSEPH G. SWEENEY
                                                       Attorney for Plaintiff
16                                                     George Aguaristi

17

18

19

20

21

22

23

24

25

26

27

28
Second Amended Complaint of George Aguaristi v. County of Merced et al.